IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER STROJNIK, | ) | Civ. No. 19-00077 SOM-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO DEFER CONSIDERATION |
| vs. | ) | OF DEFENDANT KAPALUA LAND |
| | ) | COMPANY'S MOTION FOR SUMMARY |
| (1) KAPALUA LAND COMPANY LTD | ) | JUDGMENT PURSUANT TO RULE |
| dba THE KAPALUA VILLAS MAUI | ) | 56(d) OF THE FEDERAL RULES OF |
| (Defendant 1); (2) RICHARD | ) | CIVIL PROCEDURE |
| RAND and MARR JONES WANG, a | ) | |
| Limited Liability Partnership | ) | |
| (Defendant 2), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF DEFENDANT
KAPALUA LAND COMPANY'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff Peter Strojnik, proceeding *pro se*, filed a
putative class action complaint, arguing that Kapalua Villas
Maui, a hotel, violated state and federal law protecting people
with disabilities. ECF No. 1. Defendant Kapalua Land Company,
Ltd. ("KLC"), filed a motion for summary judgment, arguing that
it does not own Kapalua Villas Maui, and even if it did,
Strojnik's claims fail. ECF No. 8. Before the court is
Strojnik's "FRCP Rule 56(d) Motion To Defer Consideration Of
Defendant Kapalua Land Company's Motion For Summary Judgment
Pending Completion Of Discovery." ECF No. 18. That motion is
denied.

Rule 56(d) provides that, when "a nonmovant shows by
affidavit or declaration that, for specified reasons, it cannot

present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In 2010, Rule 56 was amended, and "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment. Accordingly, the case law regarding subdivision (f), prior to the amendments, applies. Rule 56(d) therefore permits a district court to continue a summary judgment motion "upon a good faith showing by affidavit that the continuance is needed to preclude summary judgment." *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (interpreting the former Rule 56(f)).

A party requesting a Rule 56(d) continuance bears the burden of (1) filing a timely application that specifically identifies relevant information; (2) demonstrating that there is some basis to believe that the information sought exists; and (3) establishing that such information is essential to resist the summary judgment motion. *See Emp'rs Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1130 (9th Cir. 2004) (citation omitted); *accord Moss v. U.S. Secret Serv.*, 572 F.3d 962, 966 n.3 (9th Cir. 2009) ("Rule 56([d]) requires a party seeking postponement of a summary judgment

motion to show how additional discovery would preclude summary judgment and why it cannot immediately provide specific facts demonstrating a genuine issue of material fact." (punctuation, quotation marks, and citation omitted)).  Moreover, the party seeking a Rule 56(d) continuance must demonstrate that it diligently pursued discovery.  *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion."); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989) ("A movant cannot complain if it fails diligently to pursue discovery before summary judgment.").

In his Rule 56(d) motion, Strojnik argues that "significant discovery" is required with respect to several issues: (1) whether KLC owns, manages, and/or operates Kapalua Villas Maui, (2) whether section 489-2 of Hawaii Revised Statutes applies, (3) "whether KLC is required to disclose individual units' accessibility elements," (4) "whether the individual owner exception pursuant [to] 28CFR36.406(c)(2) [sic] applies," and (5) "whether KLC authorized [Defendant Richard Rand] to send the offending letter to Strojnik."[1]  *See* ECF No. 18, PageID #s 177-82.  He also makes several legal arguments as

---

[1] The Complaint asserts a claim against Rand and his law firm Marr Jones Wang for allegedly sending letters to Strojnik that were retaliatory, coercive, and intimidating.  ECF No. 1, PageID #s 74-75.

to why KLC's motion for summary judgment should be denied, without requesting additional discovery. *See id.*

Strojnik has not met his burden under Rule 56(d). His assertions that additional discovery is needed are vague and conclusory. Nowhere does he explain what additional discovery he needs or proposes, what basis he has to believe that such discovery exists, or why that discovery is essential to resisting KLC's motion for summary judgment. Moreover, Strojnik does not demonstrate that he has been diligently pursuing discovery. Before naming KLC as a party, Strojnik should have had a basis for suing KLC. He does not explain why that basis needs supplementation. Nor does he acknowledge that the hearing he seeks to have this court continue is set for about two months after the underlying summary judgment motion was filed on March 15, 2019. Under Local Rule 7.4, Strojnik's opposition memorandum is due three weeks before the May 13 hearing. That means Strojnik has about five weeks from the time the summary judgment motion was filed to gather evidence and file his opposition. Because he fails to explain why five weeks is insufficient, the court does not continue the hearing on KLC's summary judgment motion. Strojnik's Rule 56(d) motion is denied.

\

\

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 8, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Peter STrojnik v. Kapalua Land Company, et al., Civ. No. 19-00077 SOM-KJM; ORDER DENYING PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF DEFENDANT KAPALUA LAND COMPANY'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE.