IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER STROJNIK,<br><br>      Plaintiff,<br><br>    vs.<br><br>(1) KAPALUA LAND COMPANY LTD dba THE KAPALUA VILLAS MAUI (Defendant 1); (2) RICHARD RAND and MARR JONES WANG, a Limited Liability Partnership (Defendant 2),<br><br>      Defendants. | Civ. No. 19-00077 SOM-KJM<br><br>ORDER GRANTING DEFENDANTS RICHARD RAND AND MARR JONES & WANG LLP'S MOTION TO DISMISS |

**ORDER GRANTING DEFENDANTS RICHARD RAND AND
MARR JONES & WANG LLP'S MOTION TO DISMISS**

**I.    INTRODUCTION.**

Defendants Marr Jones & Wang LLP, a law firm, and Richard Rand, a partner at Marr Jones & Wang LLP (together, "Law Defendants"), have filed a motion to dismiss *pro se* Plaintiff Peter Strojnik's claim against them. ECF No. 11. Strojnik, an attorney who has been suspended from practicing law in Arizona, alleges that Law Defendants threatened him by suggesting that they would contact the Arizona State Bar regarding Strojnik's communications with Law Defendants and Law Defendants' client. Based on this alleged threat, Strojnik asserts a claim of interference, coercion, and intimidation under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"). Law Defendants argue that this claim is frivolous and should be

dismissed. The court addresses Law Defendants' motion without a hearing pursuant to Local Rule 7.2(d), concluding that Strojnik fails to allege facts going to a cognizable injury caused by Law Defendants.

**II.    BACKGROUND.**

According to a press release issued by the State Bar of Arizona on July 13, 2018,[1] "[t]he Presiding Disciplinary Judge of the Arizona Supreme Court issued an order placing Peter Strojnik of Phoenix on interim suspension while the State Bar of Arizona conducts its investigation into numerous complaints filed mostly by Arizona small business owners." *Attorney Peter Strojnik Placed on Interim Suspension for Milking ADA Violations*, State Bar of Arizona (July 13, 2018), https://www.azbar.org/newsevents/newsreleases/2018/07/interimsuspension-peterstrojnik/ (last visited May 3, 2019). The press release states:

---

[1] The court takes judicial notice of the press release because it is publicly available on the State Bar of Arizona's website and is "not subject to reasonable dispute." Fed. R. Evid. Rule 201(b); *see also Arce v. Douglas*, 793 F.3d 968, 975 n.3 (9th Cir. 2015) (taking judicial notice of a press release issued by the Arizona superintendent of schools because "it is a public record on file with the Arizona State Board of Education"); *Taleff v. Southwest Airlines Co.*, 554 F. App'x 598, 599 n.1 (9th Cir. 2014) (taking judicial notice of a press release issued by the U.S. Department of Justice); *In re Peregrine Sys., Inc. Sec. Litig.*, 310 F. App'x 149, 151 (9th Cir. 2009) (in a securities fraud case, taking judicial notice of press release "issued to the investing public").

2

> Strojnik filed more than 1,700 complaints in
> a State Court and more than 160 complaints
> in a District Court alleging violations of
> the Americans with Disabilities Act (ADA)
> and the Arizonans with Disabilities Act
> (AzDA). In most cases, he would demand
> $5,000 in attorney's fees, regardless if the
> business remedied the violation. The cases
> filed were all very similar, alleging vague
> and non-specific violations. He collected
> approximately $1.2 million in settlements,
> which mainly consisted of attorney's fees.

*Id.*

On February 13, 2019, Strojnik, proceeding *pro se*, filed a Complaint[2] against Kapalua Land Company ("KLC") and Law Defendants. ECF No. 1. The Complaint alleges that Strojnik is disabled and an "ADA Tester," and that KLC's hotel located on Maui does not comply with accessibility requirements under the ADA or Hawaii law. *See id.*, PageID #s 2-3. The body of the Complaint does not state the hotel's name, but the Complaint's caption references the Kapalua Villas Maui. *See id.* at 1.

---

[2] The Complaint states that it is a "class action." *See* ECF No. 1, PageID # 1. The court questions whether Strojnik, as a *pro se* litigant, may bring a class action. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." (citations omitted)); *see also C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a *pro se* litigant may not appear as an attorney for others). Even if Strojnik, as an attorney, were not subject to this prohibition, his current suspension may render him ineligible to bring a class action.

According to the Complaint, Strojnik has never visited the Kapalua Villas Maui, but rather "is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant." *See id.* at 3. This "knowledge" appears based on information that Strojnik obtained from hotel booking websites. *See id.* at 18-23 ("Addendum A" showing screenshots from www.hotels.com and www.outrigger.com).

The Complaint asserts several claims against KLC based on alleged accessibility issues at Kapalua Villas Maui. These claims include (1) denial of equal access to public accommodations on the basis of disability in violation of the ADA and chapter 489 of Hawaii Revised Statutes, (2) unfair and deceptive acts or practices in violation of chapter 480 of Hawaii Revised Statutes, (3) nondisclosure, and (4) negligence. *Id.* at 3-13.

The Complaint also asserts an ADA claim of interference, coercion, and intimidation against KLC and Law Defendants. *See id.* at 13-14. The claim arises out of letters between Law Defendants, as lawyers for KLC, and Strojnik. The correspondence is attached to the Complaint and is summarized as follows:

- In a letter dated January 21, 2019, and with the subject line "Courtesy Notice of Potential Litigation," Strojnik wrote to Bill Rees at KLC attaching a copy of a draft

> complaint naming KLC as a defendant[3] and stating that
> "[your] hotel's non-compliance with the ADA and HRS
> Chapter 489 deter me from booking a room there[.]" *Id.*
> at 24. The letter states, "I strongly suggest that you
> consult with an attorney learned in ADA matters. This is
> a complex matter involving significant potential damages,
> attorney's fees, costs and expenses." *Id.*

- In a letter dated February 5, 2019, Rand wrote to Strojnik on behalf of Rees and another client who appears to have received a similar letter and draft complaint from Strojnik. *See id.* at 25. Rand's letter states, "We understand that you are not licensed to practice law in either Arizona or Hawaii and were suspended effective July 11, 2018 by the Presiding Disciplinary Judge of the

---

[3] A copy of Strojnik's draft complaint is not attached to the Complaint, but Law Defendants attached a copy to their motion to dismiss. ECF No. 11-3. The draft complaint named KLC as the only defendant. Because the draft complaint is referenced in a document attached to the Complaint, the court considers it without converting Law Defendant's motion into a motion for summary judgment. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment."). The court moreover notes that, while Law Defendants appear to be bringing a facial challenge to jurisdiction, to the extent this motion includes a factual attack on subject matter jurisdiction under Rule 12(b)(1), the court's consideration is not limited to the Complaint. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

5

Arizona Supreme Court while it continued to investigate your mass filing of ADA lawsuits without any factual support. Your draft complaints sent to the two properties strongly suggests that your conduct is continuing." *Id.* The letter goes on to respond to the claims in Strojnik's draft complaint, explaining that Kapalua Villas Maui consists of individually owned condominium units not subject to the same ADA accessibility requirements as hotels. *See id.*

- Strojnik responded to Rand in a letter dated February 5, 2019, with additional legal arguments in support of his claims. *See id.* at 27-31. Strojnik's letter states, "Although we are not averse to litigation, we believe that providing appropriate courtesy notice, as we have done, leads to a better, private resolution." *Id.* at 31. Strojnik then offers a settlement proposal, including "[c]osts, expenses and damages in the amount of $13,500 as to *each* location."[4] ECF No. 11-5, PageID # 154. The

---

[4] In the copy of the letter attached to the Complaint, the settlement proposal is redacted. ECF No. 1, PageID # 31. Law Defendants attached an unredacted version of the letter to their motion to dismiss. ECF No. 11-5, PageID # 154. The court considers the unredacted letter without converting the motion into a motion for summary judgment. *See Ritchie*, 342 F.3d at 908.

6

> letter states that after eight days, "I will file suit
> and we can test our theories in court." *Id.*

- In a letter dated February 8, 2019, Rand states, "Your letter confirms what we suspected was your ultimate motive: to obtain a quick monetary payment. We reject your offer. You need not communicate with us again. We believe the State Bar of Arizona will be interested to learn of your attempt to continue in other states the same activity that you were suspended for in Arizona." ECF No. 1, PageID # 32.

Strojnik alleges that the February 8 letter[5] "interfered, coerced and intimidated Plaintiff by threatening to file charges against Plaintiff with the Arizona State Bar for Plaintiff's exercise of his rights under the ADA." *Id.* at 13. The Complaint seeks "all relief pursuant to 42 U.S.C. §§ 12117, 12133, and 12188."[6] *Id.* at 15.

On March 15, 2019, Law Defendants filed the present motion to dismiss. ECF No. 11. On April 26, 2019, Strojnik and KLC filed a stipulation to dismiss with prejudice all claims

---

[5] The Complaint states that the letter was issued on February 11, 2019, but cites to the letter itself, which is dated February 8, 2019. *Compare* ECF No. 1, PageID # 14, *with id.* at 32.

[6] In his opposition to Law Defendants' motion, Strojnik clarifies that he "seeks injunctive relief against Defendants *which includes* injunctive relief against continuing intimidation through the court process." ECF No. 17, PageID # 171.

against KLC. ECF No. 22. Strojnik then filed a First Amended Complaint on April 29, 2019, that is largely identical to the original Complaint, but names Outrigger Hotels and Resorts as a defendant in place of KLC. *See* ECF No. 25. On May 6, 2019, Strojnik filed a notice of withdrawal of the First Amended Complaint and a motion for leave to file a First Amended Complaint. ECF No. 31. That motion is pending before the court.[7]

**III.      MOTION TO DISMISS STANDARDS.**

Law Defendants bring their motion under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 11, PageID # 94.

**A.    Rule 12(b)(1) (Lack of Subject Matter Jurisdiction).**

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. An attack on subject matter jurisdiction "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack asserts that "the allegations contained in a

---

[7] Because Strojnik and KLC filed a stipulation to dismiss with prejudice all claims against KLC, and because the court grants Law Defendants' motion to dismiss the claim against them, no claims in the original Complaint remain. That is, with this order, there are no remaining Defendants. This court will refrain from entering judgment while the motion for leave to amend is pending. If Strojnik's motion for leave to amend his Complaint is denied, this case will end, and judgment will be entered in favor of Defendants.

8

complaint are insufficient on their face to invoke federal jurisdiction[,]" while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*

Law Defendants appear to bring a facial attack.  *See* ECF No. 11-1, PageID # 100.  In deciding a Rule 12(b)(1) facial attack motion, a court must assume the facts alleged in the complaint to be true and construe them in the light most favorable to the nonmoving party.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  However, courts "do not accept *legal conclusions* in the complaint as true, even if 'cast in the form of factual allegations.'" *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (emphasis in original) (quoting *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009)).

> **B. Rule 12(b)(6) (Failure to State a Claim Upon Which Relief Can Be Granted).**

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted.  The court's review is generally limited to the contents of a complaint.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for

9

summary judgment.  *Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).  However, the court may take judicial notice of and consider matters of public record without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  *Sprewell*, 266 F.3d at 988; *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). Dismissal under Rule 12(b)(6) may be based on either "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard . . . does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (internal quotation marks omitted)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**IV. ANALYSIS.**

Strojnik alleges that Law Defendants violated 42 U.S.C. § 12203(b) and 28 CFR § 36.206 when they threatened to contact the Arizona State Bar regarding his draft complaint against Law Defendants' client, KLC. *See* ECF No. 1, PageID #s 13-14. Strojnik's claim against Law Defendants fails.

Section 12203(b) provides: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter." The language of § 12203(b) is mirrored in 28 C.F.R. § 36.206(b): "No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part."[8]

---

[8] Under 28 C.F.R. § 36.206(c), "[i]llustrations of conduct prohibited by this section" include, but are not limited to, the following:

> (1) Coercing an individual to deny or limit the benefits, services, or advantages to which he or she is entitled under the Act or this part;
>
> (2) Threatening, intimidating, or interfering with an individual with a disability who is seeking to obtain or use the goods, services, facilities, privileges, advantages, or accommodations of a public accommodation;
>
> (3) Intimidating or threatening any person because that person is assisting or encouraging an individual or group entitled to claim the rights granted or protected by the Act or this part to exercise those rights; or

In *Brown v. City of Tuscon*, the Ninth Circuit considered the scope of § 12203(b) for the first time and determined that its interpretation of § 12203(b) should be guided by the anti-interference provision of the Fair Housing Act ("FHA"), 42 U.S.C. § 3617.[9] *See* 336 F.3d 1181, 1191-93 (9th Cir. 2003). The Ninth Circuit explained that, although § 12203(b) contains broad language, "[c]learly, anti-interference provisions such as those contained in the FHA and ADA cannot be so broad as to prohibit 'any action whatsoever that in any way hinders a member of a protected class.'" *Id.* at 1192 (quoting *Mich. Prot. & Advocacy Serv. v. Babin*, 18 F.3d 337, 347 (6th Cir. 1994)).

The Ninth Circuit in *Brown* declined to "defin[e] precisely what constitutes 'interference'--or even 'coercion' or 'intimidation'--within the terms of [§ 12203]," but noted that "[f]or whatever else that provision may prohibit, it clearly makes it unlawful to 'threaten ... any individual in the exercise or enjoyment of ... any right granted or protected by

---

    (4) Retaliating against any person because that person has participated in any investigation or action to enforce the Act or this part.

[9] The FHA provides in 42 U.S.C. § 3617: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

13

this chapter.'" *Id*. (quoting 42 U.S.C. § 12203(b)). In the employment context, for example, § 12203 "clearly prohibits a supervisor from threatening an individual with transfer, demotion, or forced retirement unless the individual foregoes a statutorily protected accommodation." *Id.* at 1193. *Brown* further explained that a plaintiff bringing a claim under § 12203 must demonstrate a "distinct and palpable injury":

> We emphasize that conclusory allegations--without more--are insufficient to state a violation of § 503(b). An ADA plaintiff must also demonstrate that she has suffered a "distinct and palpable injury" as a result of the threat. *See Walker* [*v. City of Lakewood*], 272 F.3d [1114,] 1123 [(9th Cir. 2001)]. That injury could consist of either the giving up of her ADA rights, or some other injury which resulted from her refusal to give up her rights, or from the threat itself. *See id.; Bachelder* [*v. Am. West. Airlines, Inc.*], 259 F.3d [1112,] 1124 [(9th Cir. 2001)].

*Id.*

Law Defendants argue that the allegations in the Complaint are insufficient to allege an injury under § 12203. The court agrees.

Strojnik's claim against Law Defendants is based solely on their alleged "threat to file charges against Plaintiff with the Arizona State Bar for Plaintiff's exercise of his rights under the ADA." ECF No. 1, PageID # 14. No such

14

threat is included in the correspondence attached to the Complaint.

In his letter of February 8, 2019, Rand stated, "We believe the State Bar of Arizona will be interested to learn of your attempt to continue in other states the same activity that you were suspended for in Arizona." ECF No. 1, PageID # 32. This statement was part of Law Defendants' response to Strojnik's threat that he would file suit against KLC if KLC and Law Defendants did not settle Strojnik's claims. *See* ECF No. 11-5, PageID # 154. Law Defendants' letter does not threaten the filing of charges against Strojnik unless he drops his ADA claims against KLC.

More importantly, Strojnik does not identify any "distinct and palpable injury" as a result of Law Defendants' alleged threat. As stated in *Brown*, an injury underlying a § 12203 claim "could consist of either the giving up of [his] ADA rights, or some other injury which resulted from [his] refusal to give up [his] rights, or from the threat itself." 336 F.3d at 1193. As Law Defendants point out, "Plaintiff does not claim that he was forced to forgo his rights under the ADA or suffered an injury because he refused to forgo those rights." ECF No. 11-1, PageID # 103. Law Defendants did not tie any contact with the Arizona State Bar to Strojnik's filing of his Complaint or to any other right under the ADA. The language in

15

the letter suggests that Law Defendants would contact the Arizona State Bar regardless of whether Strojnik proceeded with or voluntarily dismissed his ADA claims against KLC.  Further, Strojnik does not dispute that he was suspended from the practice of law by the Arizona State Bar for his filing of numerous ADA cases.  Nor does he allege that, if Law Defendants did in fact contact the Arizona State Bar, any additional injury might result or has resulted.  The Complaint is devoid of any indication of any injury flowing from Law Defendants' statement.

Strojnik responds that he "has been, at least temporarily, forced to forgo his right to bring suit against another of Law Defendants' clients, HKVC LLC dba Honua Kai Resort & Spa."  ECF No. 17, PageID # 172.  This alleged injury, even if Strojnik could tie it to this case, is implausible.  Honua Kai Resort is mentioned in the correspondence attached to the Complaint, but the Complaint itself does not mention HKVC LCC or Honua Kai Resort & Spa.  Strojnik's claim against Law Defendants establishes that he is far from deterred.

The Complaint does not allege a § 12203 injury.  The court therefore dismisses Strojnik's claim against Law Defendants.[10]

---

[10] Law Defendants also argue that Rand cannot be individually liable because "[t]here is no individual liability under Title III of the ADA."  ECF No. 11-1, PageID # 104.  It appears that there may be individual liability under Title III in certain

16

Law Defendants ask that the claim be dismissed with prejudice. ECF No. 11-1, PageID # 104. In the usual case, this court freely grants leave to file amended complaints that cure deficiencies. Leave to amend may be denied when further amendment would be futile. *See, e.g., Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008); *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). The court declines to dismiss Strojnik's claim with prejudice because it is not clear that amendment would be futile at this point.

Law Defendants also ask the court to "consider *sua sponte* the imposition of severe sanctions."´ ECF No. 11-1, PageID # 96. At this point, the court does not read the record as supporting severe sanctions.

V.        **CONCLUSION.**

Law Defendants' Motion to Dismiss is granted, and Strojnik's claim against Law Defendants is dismissed. The hearing scheduled for May 13, 2019, is cancelled.

---

circumstances. In *Lentini v. California Center for the Arts, Escondido*, the Ninth Circuit stated that "Title III of the ADA prohibits discrimination 'by any person who *owns*, *leases* (or leases to), or *operates* a place of public accommodation.'" 370 F.3d 837, 849 (9th Cir. 2004) (quoting 42 U.S.C. § 12182(a)). It then determined that a defendant was individually liable because he "had the requisite authority to qualify as an 'operator' under Title III." *Id.* However, having granted Law Defendants' motion on other grounds, the court need not determine this issue now.

Strojnik has filed a motion for leave to file a First Amended Complaint, which this court refers to the Magistrate Judge. The court does not here indicate whether that motion should be granted.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 8, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Peter Strojnik v. Kapalua Land Company, et al., Civ. No. 19-00077 SOM-KJM; ORDER GRANTING DEFENDANTS RICHARD RAND AND MARR JONES & WANG LLP'S MOTION TO DISMISS.