```
                    IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| PETER STROJNIK, ) | Civ. No. 19-00077 SOM-KJM |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| ) | MOTION SEEKING RELIEF FROM |
| vs. ) | ORDER GRANTING DEFENDANTS |
| ) | RICHARD RAND AND MARR JONES |
| (1) KAPALUA LAND COMPANY LTD ) | & WANG LLP'S MOTION TO |
| dba THE KAPALUA VILLAS MAUI ) | DISMISS |
| (Defendant 1); (2) RICHARD ) | |
| RAND and MARR JONES WANG, a ) | |
| Limited Liability Partnership ) | |
| (Defendant 2), ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DENYING PLAINTIFF'S MOTION SEEKING RELIEF FROM
ORDER GRANTING DEFENDANTS RICHARD RAND AND
MARR JONES & WANG LLP'S MOTION TO DISMISS**

Before this court is *pro se* Plaintiff Peter Strojnik's motion titled "Motion For A New Trial Under Ru[le] 59 And Motion For Relief Under Rule 60 And Motion To Clarify." ECF No. 36. Strojnik seeks relief from this court's order dated May 8, 2019, granting the motion to dismiss filed by Defendants Richard Rand and Marr Jones & Wang LLP (together, "Law Defendants"). ECF No. 32. Concluding that Strojnik is not entitled to such relief, this court denies his motion.

Strojnik's Complaint alleged that Law Defendants violated 42 U.S.C. § 12203(b) of the Americans with Disabilities Act ("ADA") when they threatened to contact the Arizona State Bar regarding his draft complaint against Law Defendants' client, Kapalua Land Company ("KLC"). Law Defendants stated in

a letter to Strojnik, "We believe the State Bar of Arizona will be interested to learn of your attempt to continue in other states the same activity that you were suspended for in Arizona." ECF No. 1, PageID # 32. This statement referred to an Arizona State Bar press release explaining that Strojnik was placed on interim suspension pending an investigation into his alleged filing of hundreds of ADA cases and his alleged collection of over a million dollars in settlement fees. In its order dismissing Strojnik's claim against Law Defendants, this court concluded that Strojnik had failed to allege facts going to a cognizable injury caused by Law Defendants. ECF No. 32, PageID #s 276-78. The order reasoned that "Law Defendants' letter does not threaten the filing of charges against Strojnik unless he drops his ADA claims against KLC," and "[m]ore importantly, Strojnik does not identify any 'distinct and palpable injury' as a result of Law Defendants' alleged threat." *Id.* at 277 (quoting *Brown v. City of Tucson*, 336 F.3d 1181, 1193 (9th Cir. 2003)). Strojnik now seeks relief from the court's order on three grounds.

First, Strojnik seeks relief under Rule 59(a)(1)(B), 59(a)(2), and 59(e) of the Federal Rules of Civil Procedure. ECF No. 36, PageID # 292. Rule 59(a)(1)(B) and 59(a)(2) provide grounds for a new trial and other relief "after a nonjury trial." Fed. R. Civ. P. 59(a)(1)(B) (providing that a court may

2

grant a new trial "after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court"); Fed. R. Civ. P. 59(a)(2) ("After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."). Rule 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

No trial has occurred in this case, and no judgment has been entered. Because Strojnik and Defendant Kapalua Land Company ("KLC") filed a stipulation to dismiss with prejudice all claims against KLC, and because the court granted Law Defendants' motion to dismiss the claim against them, no claims in Strojnik's Complaint remain for trial. *See* ECF No. 32, PageID # 270. Further, Strojnik's motion for leave to file an amended complaint is pending before the Magistrate Judge, and judgment will not be entered prior to resolution of that motion. *See id.* Therefore, Rule 59 is inapplicable.

Second, Strojnik seeks relief from the court's order granting Law Defendants' motion to dismiss under Rule 60(b)(6). ECF No. 36, PageID # 292. Subsections (1) to (5) of Rule 60(b) provide specific grounds for relief from a final judgment, order, or proceeding, and Rule 60(b)(6) is a catch-all provision

that allows a court to provide relief from a final judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

Quite apart from lacking a final judgment, Strojnik fails to demonstrate that extraordinary circumstances justify relief from the court's order. He argues that it was "scandalous, impertinent, and incomplete" for the order to reference the Arizona State Bar's press release, that the court conducted "a sua sponte investigation" to find the press release, and that the order should have also mentioned that Strojnik "donated the entirety of the fees from 1,700 cases to a 503(c)(3) organization for the disabled." ECF No. 36, PageID # 293. These arguments are unpersuasive. Strojnik's standing with the Arizona State Bar was directly relevant to his claim against Law Defendants, and the court took judicial notice of

4

the press release that was submitted with Law Defendants' motion to dismiss. *See* ECF No. 11-1, PageID # 95; ECF No. ECF No. 32, PageID # 264. Information regarding Strojnik's alleged donation of settlement fees was not raised in the briefing or otherwise before this court, so there was no reason for the order to include it.

Strojnik also argues that the court erred in dismissing his claim against Law Defendants because Law Defendants' "*intent*" to contact the Arizona State Bar regarding Strojnik's conduct established "a classic act of threat, interference, coercion, and intimidation."[1] ECF No. 36, PageID # 296. He argues that Law Defendants' statement "cannot be understood as anything but a design to interfere with Plaintiff's 1st Amendment right to seek redress for [KLC]'s violation of Plaintiff's civil right." *Id.* at 297 (footnote omitted). Strojnik is attempting to reargue his opposition to Law Defendants' motion to dismiss. In its order, the court focused on Strojnik's failure to allege facts going to a cognizable injury, an issue that Strojnik does not address in the present motion. He has not identified any extraordinary

---

[1] Strojnik's motion provides the standard for "establish[ing] a prima facie case of retaliation under the ADA." ECF No. 36, PageID # 295. This standard is inapplicable because Strojnik did not raise a retaliation claim against Law Defendants in his Complaint; he raised a claim of interference, coercion, or intimidation under 42 U.S.C. § 12203(b). *See* ECF No. 1, PageID #s 13-15.

5

circumstances requiring the court to provide him with relief from the order, and the court sees none.

Lastly, Strojnik seeks clarification on whether this court granted his request for leave to amend his Complaint. ECF No. 36, PageID # 298. In its order granting Law Defendants' motion to dismiss, the court explicitly chose not to rule on Strojnik's motion for leave to amend. The order stated, "Strojnik has filed a motion for leave to file a First Amended Complaint, which this court refers to the Magistrate Judge. The court does not here indicate whether that motion should be granted." ECF No. 32, PageID # 280. As stated above, that motion is currently pending before the Magistrate Judge. *See* ECF No. 33.

The court denies Strojnik's motion seeking relief from its order granting Law Defendants' motion to dismiss.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 17, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Peter Strojnik v. Kapalua Land Company, et al., Civ. No. 19-00077 SOM-KJM; ORDER DENYING PLAINTIFF'S MOTION SEEKING RELIEF FROM ORDER GRANTING DEFENDANTS RICHARD RAND AND MARR JONES & WANG LLP'S MOTION TO DISMISS.